IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02503-NYW

BETH ROBLES-BURRIS,
*Individually and as the Surviving Spouse of* DAVID BURRIS, Deceased,

    Plaintiff,

v.

JOHN BARBER,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

    This matter is before the court on Defendant John Barber's Request for Enlargement of Time to Obtain Deposition of Plaintiff Beth Robles-Burris ("Motion to Take Plaintiff's Deposition Out of Time") [#26, filed November 20, 2017], which is before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated November 28, 2016 [#10]. The court has reviewed the Motion and Response [#30], and heard oral argument of the Parties during a Status Conference held on November 28, 2017. [#31]. For the reasons stated herein, the Motion to Take Plaintiff's Deposition Out of Time is **GRANTED**.

### BACKGROUND

    This action arises from a motor vehicle collision that occurred in Fremont County, Colorado on July 30, 2016, involving Plaintiff Beth Robles-Burris ("Plaintiff" or "Ms. Robles-Burris"); her husband, David Burris ("Mr. Burris"); and Defendant John Barber ("Defendant" or "Mr. Barber"). [#1 at ¶ 4]. That day, Defendant was driving eastbound on Colorado State Highway 50 when he crossed the center line, colliding head on with the westbound vehicle

occupied by Mr. and Ms. Robles-Burris. [*Id.* at ¶¶ 11–16]. The collision resulted in the death of Mr. Burris, and significant injury to Ms. Robles-Burris. [*Id.* at ¶¶ 35, 38, 39]. Plaintiff initiated this action on October 7, 2016, asserting claims for negligence and negligence per se against Mr. Barber and seeking economic and non-economic damages. *See generally* [#1].

The court held a Scheduling Conference in this matter on December 5, 2016, and entered a Scheduling Order. [#11; #12]. During the Scheduling Conference, the court discussed with the Parties the need to account for the criminal prosecution of Defendant arising from the collision given the Fifth Amendment implications to any testimony by Mr. Barber, and the court ordered the Parties to submit a Joint Status Report no later than February 16, 2017, to discuss the status of the criminal action against Defendant; the amendment of the Complaint to seek punitive damages; and the progress of discovery and the Parties' ability to truncate discovery. [#12 at 10]. The court set a fact discovery deadline of August 1, 2017 and a dispositive motions deadline of September 1, 2017. [*Id.* at 7, 8].

The Parties filed a Status Report notifying the court that Defendant had not yet proceeded to trial and representing that they would file an updated Status Report with the court once the criminal case concluded. [#15]. On June 14, 2017, the Parties filed a second Status Report indicating that Defendant's criminal case had concluded and "discovery can now commence in this case." [#20]. The court then set a Status Conference to discuss scheduling and discovery, which was ultimately reset to July 21, 2017, upon the Parties' Motion. [#21; #22; #23]. During July 21, 2017 Status Conference, the court amended the deadlines set by the original Scheduling Order with October 1, 2017 as the deadline for fact discovery; December 1, 2017 as the deadline for expert discovery; October 15, 2017 as the deadline for dispositive motions; December 17, 2017 as the deadline for Rule 702 Motions; October 15, 2017 as the deadline for the designation

of affirmative experts; and November 15, 2017 as the deadline for the designation of rebuttal experts. [#25].

Between July 21 and November 20, 2017, there is no record of contact by the Parties to the court to seek any extension, or to apprise the court of any circumstances that could affect the Parties' ability or willingness to comply with the deadlines set in the July 21 Status Conference. Defendant filed this instant Motion to Take Plaintiff's Deposition Out of Time [#26], along with two other motions for an extension to the rebuttal expert deadline and to reset the Final Pretrial Conference, respectively [#27; #28], on November 20, 2017—more than two months after the close of fact discovery. Defendant argues that it deferred the deposition of Ms. Robles-Burris out of consideration for her mental and physical condition, in light of his good faith belief that the matter would settle. [#26]. Plaintiff objects to her deposition being taken out of time, and argues that the justification provided by Defendant, i.e., that the Parties only recently realized the matter would not settle, was inaccurate. [#30]. During the November 28 Status Conference, Plaintiff's counsel further argued that he had relied upon the deadlines as set by the court to advise his client that discovery had closed and, therefore, she did not have to have her deposition taken, which is particularly important because Ms. Robles-Burris has suffered a traumatic brain injury as a result of the underlying automobile collision. [#31].

## LEGAL STANDARD

Neither Party discusses the appropriate legal standard by which the court should consider Plaintiff's request, but as discussed during the Status Conference, Rule 6(b) of the Federal Rules of Civil Procedure apply when a party seeks an extension of time upon a motion made after the

expiration of the deadline.[1] Fed. R. Civ. P. 6(b)(1)(B). That rule provides that the court may extend an expired deadline if the moving party has failed to act because of excusable neglect. *Id.* In interpreting "excusable neglect," the United States Supreme Court observed that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. The *Pioneer* Court identified four factors for the court to consider: (1) prejudice to the nonmoving party; (2) length of delay and its potential impact on judicial proceedings; (3) the reason for delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 398–99. The court also considers the factors delineated by the Tenth Circuit in *Smith v. United States* in determining whether to exercise its sound discretion to reopen discovery: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by

---

[1] Modifications to Scheduling Orders are also considered under Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a schedule may only be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has previously observed that the excusable neglect standard under Rule 6 and the good cause standard under Rule 16 are "essentially the same standard." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 n.2 (10th Cir. 2015). This court finds the application of Rule 6 more appropriate in this instance where the deadline has clearly expired with no action by the moving party.

the trial court; and (6) the likelihood that the discovery will lead to relevant evidence. 834 F.2d 166, 169 (10th Cir. 1987).

## ANALYSIS

In applying these standards, this court finds that Defendant has established excusable neglect to justify the deposition of Ms. Robles-Burris out of time. In considering whether there is prejudice to her, this court notes that while the deposition may be undesirable and even unpleasant, it is not prejudicial in a legal sense. Ms. Robles-Burris availed herself of this court's jurisdiction and should reasonably expect that Defendant would choose to depose her. *See* Fed. R. Civ. P. 30. Indeed, as pointed out by Mr. Barber, Defendant identified Ms. Robles-Burris as an expected deponent in the original Scheduling Order [#12 at 10] and the subsequent proposed Amended Scheduling Order [#24 at 10]. In addition, while the court is troubled by the over two month delay from both the expiration of the discovery deadline as well as the month delay between the October 25 settlement conference and the filing of this instant Motion, there has been no trial set in this matter, and the court recently re-set the Final Pretrial Conference in this matter to February 13, 2018, upon motion of the Parties. [#28; #31]. And though the court would have greatly preferred a motion made prior to the expiration of the deadline, the court further notes that Defendant's stated reason, i.e., that he deferred taking the deposition of Ms. Robles-Burris to spare her unnecessary burden if the case were to settle, is reasonable. Finally, the court notes that there is a significant likelihood that Ms. Robles-Burris's deposition will yield relevant, admissible evidence regarding both liability and damages.

Nevertheless, this court finds that it is appropriate to set some limits pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect Plaintiff from undue burden:

5

(1) The deposition will occur at a location convenient to Plaintiff, consistent with the general principle that the place of deposition is a location in the vicinity of the residence of the deponent, even if the deponent is a party, *see Metrex Research Corp. v. United States,* 151 F.R.D. 122, 125 (D. Colo. 1993);

(2) The Parties will meet and confer regarding how Ms. Robles-Burris's deposition will be conducted to accommodate any physical or mental limitations and set an informal discovery dispute conference to be conducted by the court no later than **December 8, 2017**, to resolve any disputes;

(3) The deposition of Ms. Robles-Burris will be conducted no later than **December 29, 2017**, and no further extensions will be permitted absent extraordinary circumstances;

(4) Discovery remains **CLOSED** for all purposes other than the deposition of Ms. Robles-Burris;

(5) The deadlines for rebuttal expert designation and the Final Pretrial Conference **REMAIN SET**, and the Parties are advised that the forthcoming deposition of Ms. Robles-Burris is insufficient good cause to justify the extension of any upcoming deadline or court proceeding.

## CONCLUSION

For the reasons set forth in this Order and as limited by the instructions herein, **IT IS ORDERED** that:

(1) Defendant John Barber's Request for Enlargement of Time to Obtain Deposition of Plaintiff Beth Robles-Burris [#26] is **GRANTED**.

DATED: November 30, 2017                BY THE COURT:

                                        s/ Nina Y. Wang
                                        United States Magistrate Judge

6